IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,714-02






EX PARTE TERRY E. BURKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. S-97-3188CR IN THE 36TH DISTRICT COURT


FROM SAN PATRICIO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
sexual assault and sentenced to four years' imprisonment on each count. 

 Applicant contends that he is actually innocent of the charges and attaches an affidavit from
the complainant stating that Applicant is "innocent and did nothing wrong." 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Tuley, 109
S.W.3d 388, 393 (Tex. Crim. App. 2002); Ex parte Elizondo, 947 S.W.2d 202, 206 (Tex. Crim. App.
1996). The record contains no response from the State and no findings or recommendations from the
trial court. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall hold a live hearing and, at a minimum, hear testimony from the
complainant.

 It appears that applicant is represented by counsel. If Applicant is indigent, is not represented
by counsel, and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that he is actually innocent. Specifically, the trial court shall make findings concerning the
credibility of the complainant's live testimony and affidavit. Additionally, the trial court shall make
findings and conclusions as to whether Applicant has carried his burden to prove his actual
innocence. Ex parte Franklin, 72 S.W.3d 671, 677 (Tex. Crim. App. 2002); Ex parte Elizondo, 947
S.W.2d 202, 206 (Tex. Crim. App. 1996). The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 9, 2011

Do not publish